IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

OCTAVIO HERNANDEZ SUAREZ,

        Defendant.
_____/

CR. NO. S-02-0246 EJG
CIV. NO. S-06-2728 EJG

ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

    Defendant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  After reviewing the record, the documents filed in connection with the motion, and the applicable law, the court has determined the motion may be decided without an evidentiary hearing because the files and records of the case affirmatively show the factual and legal invalidity of defendant's arguments.  Shah v. United States, 878 F.2d 1156, 1158-59 (9th Cir. 1989).  For the reasons that follow, the motion is DENIED.

///

BACKGROUND

Defendant was convicted May 12, 2004, following a jury trial, of one count of conspiracy to distribute more than 50 grams of methamphetamine, and one count of possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1]  At sentencing he affirmed that he had been convicted of a prior drug felony.  He was sentenced July 30, 2004 to a term of 240 months imprisonment and 120 months supervised release.  His convictions and sentence were affirmed by the Ninth Circuit Court of Appeals in a memorandum decision filed June 16, 2006.  <u>United States v. Suarez</u>, 185 Fed. Appx. 597 (9th Cir. 2006).

DISCUSSION

Defendant raises three arguments in support of his motion. First, he argues his trial attorney was ineffective for failing to advise him of a plea offer.  Second, in a related argument, defendant contends his counsel was ineffective for failing to advise him of his right to plead guilty without an agreement. Third, defendant argues his prior state conviction should have been classified as a misdemeanor under federal law, thereby negating the enhancement he received for a prior felony drug conviction.

---

[1] This was the second jury trial.  A mis-trial was declared after the first jury was unable to reach a unanimous verdict, voting 10-2 for guilt.

1    A.  <u>Failure to inform defendant of plea offer</u>

2    Defendant contends his trial attorney "may" not have
3 informed him of a plea offer received from the government in
4 September of 2003, thus violating his sixth amendment right to
5 effective assistance of counsel.  Had this offer been
6 communicated, argues defendant, he would have accepted it,
7 elected not to proceed to trial, and have received a much shorter
8 term of incarceration.

9    To prevail on a claim of ineffective assistance of counsel,
10 defendant must demonstrate that counsel's performance was
11 deficient and fell below an "objective standard of
12 reasonableness", and that but for the deficiencies, "there is a
13 reasonable probability" the outcome would have been different.
14 See <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 694 (1984).
15 Defense counsel is presumed to have acted reasonably and to have
16 provided constitutionally adequate assistance.  <u>Id.</u> at 690.
17 Moreover, second guessing of counsel's tactical decisions after
18 conviction cannot form a basis for a claim of ineffective
19 assistance.

20   An attorney's failure to communicate a plea offer can be
21 unreasonable conduct under prevailing professional standards.
22 See <u>United States v. Blaylock</u>, 20 F.3d 1458, 1466 (9th Cir. 1994).
23 In support of his claim, defendant attaches a letter dated
24 September 16, 2003 from the government to his trial attorney
25 setting forth the terms of an offer to plead to Count One, in
26
                                3

1  exchange for a dismissal of the § 851 information charging a
2  prior drug felony conviction.  Defendant contends he did not know
3  of the plea offer until provided with the records of his case by
4  his appellate attorney.
5  　　　Evidence submitted by the government belies this contention.
6  Declarations of defendant's trial counsel and of the interpreter
7  establish that plea offers were communicated to defendant by his
8  attorney through a court-certified interpreter.  Bolstering the
9  declarations are copies of counsel's time records confirming
10 meetings with defendant to discuss "offer", "plea agreement",
11 "counter-offer" and "final offer".  Both trial counsel and the
12 court interpreter explain that defendant was adamant on each
13 occasion that he was unwilling to except the government's offer.
14 Finally, defendant himself is not sure of the communication, or
15 lack thereof, of a plea offer.  In his memorandum of law in
16 support of his motion, defendant states that his attorney "***may***
17 not have relayed [the] offer. . . ."  Memorandum of Law in
18 Support of Habeas Corpus Motion, p.4 (emphasis added).  Based on
19 the foregoing, this evidence overwhelmingly and "conclusively
20 show[s]" that defendant is not entitled to relief.  See Blaylock,
21 20 F.3d at 1465, *quoting* 28 U.S.C. § 2255.  Accordingly, this
22 claim for relief is DENIED.
23 　　　B.  Failure to inform defendant of all options
24 　　　Defendant also contends that his trial attorney was
25 ineffective by failing to inform him of the possibility of
26 　　　　　　　　　　　　　　　　　　4

pleading guilty without an agreement.  Specifically, defendant contends that after his first trial ended in a mistrial, his attorney should have told him he could plead guilty and receive a three-level sentence reduction for acceptance of responsibility. In support defendant offers his declaration that he was not informed of all possible options to resolve his case.

Once again, defendant's assertions are simply not credible. The declarations of trial counsel and the court-certified interpreter stand in vivid contradiction to defendant's unsupported conclusory statement.  Defendant, having lost on direct appeal, is looking for any way he can to ameliorate the effects of a lengthy term of incarceration.  However, he cannot do it by picking apart the performance of his attorney without evidence.  As the Supreme Court noted, counsel's performance must be evaluated without the "distorting effects of hindsight".  See Strickland, 466 U.S. at 689.  This claim for relief is DENIED.

C.   Prior drug conviction

Defendant maintains that his sentence was erroneously enhanced for a prior state drug conviction which was improperly classified as a felony, instead of as a misdemeanor.  Defendant, citing the recent Supreme Court Lopez case argues that his sentence of 180 days for a violation of California Health and Safety Code § 11351 converts the offense, possession of heroin for sale, into a misdemeanor.  The argument, and defendant's reliance on Lopez in support of the argument, are misplaced.  In

5

Lopez, the Supreme Court made clear that a federal sentence can be enhanced for a prior state drug conviction only if the offense is punishable as a felony under the federal Controlled Substances Act.  See United States v. Lopez, 127 S.Ct. 625 (2006). Possession of a controlled substance for sale is such an offense. See 21 U.S.C. § 841(a).  Defendant's citation to and reliance on United States v. Figueroa-Ocampo in his traverse is inapposite. In that case the prior state drug conviction was for simple possession, an offense that could be construed as a misdemeanor under the federal Controlled Substances Act.  United States v. Figueroa-Ocampo, 494 F.3d 1211 (9th Cir. 2007). See also, 21 U.S.C. § 844(a).  The *length* of the sentence imposed by the state court is irrelevant to the classification of the offense as a felony or misdemeanor under federal law.  Here, the prior conviction is for **possession for sale**, a felony under federal law.  Accordingly, defendant's sentence was properly enhanced and this claim for relief is DENIED.

                              CONCLUSION

    Based on the foregoing, defendant's motion to vacate, set aside or correct his sentence is DENIED.  The Clerk of Court is directed to close companion case, CIV. NO. S-06-2728 EJG.

    IT IS SO ORDERED.

Dated: March 20, 2008

                               /s/ Edward J. Garcia
                              EDWARD J. GARCIA, JUDGE
                              UNITED STATES DISTRICT COURT

6